**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ALEXANDER CARBONELL,**

          **Plaintiff,**

**-vs-**                                                                **Case No. 6:11-cv-400-Orl-22DAB**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

          **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **RICHARD A. CULBERTSON'S UNOPPOSED REQUEST FOR AUTHORIZATION TO CHARGE A REASONABLE FEE (Doc. No. 28)**
>
> **FILED:**       **November 21, 2014**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED, in part, as set forth herein**.

      Counsel's motion for authorization to charge a reasonable fee follows the issuance of an Order and Judgment reversing the decision of the Commissioner of Social Security with respect to Plaintiff's claim for benefits, and remanding the case pursuant to sentence four of 42 U.S.C. § 405(g) (Docs. 20 & 21). As set forth in the motion, Plaintiff's attorney, Richard Culbertson, petitions this Court pursuant to 42 U.S.C. §406(b) for authorization to charge his client a fee for federal court representation in the amount of $13,438.74; however, he does not allow for the deduction of the potential award of § 406(a) fees by the Social Security, which also must be deducted from the cap of

the 25% past due benefits. This fee is based on a contingency fee agreement between counsel and Plaintiff and counsel's calculations regarding past due benefits received by Plaintiff. Upon review, the Court recommends that the motion be **granted, in part, as follows.**

*Standards of Law*

There are three statutory provisions under which attorneys representing claimants in Social Security Disability cases may be compensated: 42 U.S.C. §§ 406(a) and 406(b), and 28 U.S.C. § 2142(d). Section 406(a) provides the exclusive avenue for attorneys seeking fees for work done before the Commissioner at the administrative level. The fees awarded under Section 406(a) are paid out of the claimant's past-due benefits awarded. 42 U.S.C. § 406(a)(2)(A) and (B). Section 406(a) caps the fees that may be awarded at twenty-five percent of past-due benefits awarded or a lesser fixed amount. 42 U.S.C. § 406(a)(2)(A)(ii)(I)-(II).

For fees incurred representing claimants in federal court, claimants and their attorneys may seek fees under two statutory provisions, 42 U.S.C. § 406(b) and 28 U.S.C. § 2142(d) ("the EAJA"). Under Section 406(b), upon entry of judgment in favor of a claimant, the Court may award a reasonable fee for work performed before the Court, which are paid out of the claimant's past-due benefits awarded. 42 U.S.C. § 406(b)(1)(A). Section 406(b) imposes a cap on the total amount of fees that may be awarded. 42 U.S.C. § 406(b)(1)(A). Section 406(b) provides that a Court may not award fees "in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A).

The Fifth Circuit has held that 42 U.S.C. § 406 "precludes the aggregate allowance of attorney's fees greater than twenty-five percent of the past due benefits received by the claimant." *Dawson v. Finch*, 425 F.2d 1192, 1195 (5th Cir. 1970). Thus, in this circuit,[1] the total fee under

---

[1] In *Bonner v. City of Pritchard,* 661 F.2d 1206, 1209-11 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent the law of the former Fifth Circuit.

Sections 406(a) and (b) cannot exceed 25% of the past-due benefits. *See Paltan v. Commissioner of Social Security,* 518 Fed. Appx. 673 (11th Cir. 2013); *Bookman v. Commissioner of Social Security,* 490 Fed. Appx. 314 (11th Cir. 2012).

By contrast, the EAJA permits a *claimant* to seek an award of fees against *the government* for work that is done before the Court if the claimant prevailed and the position of the Commissioner is not substantially justified. 28 U.S.C. § 2412(d)(1)(A). The EAJA contains a Savings Provision, however, that provides that "where the claimant's attorney receives fees for the same work under both [406(b) and the EAJA], the claimant's attorney refunds to the claimant the amount of the smaller fee." 28 U.S.C. 2412 note, Act of Aug. 5, 1985, Pub.L. No. 99-80, § 3, 99 Stat. 183, 186 (uncodified). *See Jackson v. Commissioner of Social Security*, 601 F.3d 1268, 1271 (11th Cir. 2010) (noting that the attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent 42 U.S.C. § 406(b) request).

As the total fee under Sections 406(a) and (b) cannot exceed 25% of the past-due benefits and "double dipping" under the EAJA is not allowed, the Court generally needs to know the amount awarded under § 406(a) (if any), amounts paid under EAJA (if any), and the total amount of past due benefits calculated by the agency, in order to evaluate a § 406(b) motion.

*Analysis*

Applied here, this Court previously entered judgment in Plaintiff's favor, with remand for further administrative proceedings. Counsel requested and received an award under the EAJA in the amount of $4,676.76 (Doc. 26). On remand, the agency found Plaintiff to be disabled. Plaintiff's past due benefits amount to $72,562.00, 25% of which is $18,115.50 (Doc. 28-2). In his motion, counsel seeks a net fee of $13,438.7 (25% of the past-due benefits minus the EAJA fees awarded). No allowance is made for any potential §406(a) award.

The fee agreement (Doc. 28-1) provides, in pertinent part:

-3-

> If the court renders a judgment reversing or remanding the administrative decision denying benefits and claimant is ultimately awarded past due benefits, claimant agrees to pay a fee of 25 percent of the total of the past-due benefits to which the claimant is entitled.

However, it *also* provides:

> This agreement applies to attorney's representation of claimant in Federal Court. *It does not cover or include any representation before the Social Security Administration.*

(Doc. 28-1; emphasis added). In his motion, Plaintiff's counsel states that the amount of any fees due at the administrative level under Section 406(a) "has not yet been decided" (Doc. 28 at 2). The Court observes that the fee requested here plus the retention of the EAJA payment equals the full 25% cap, leaving no additional funds available to award to this (or any other) counsel under Section 406(a), as a matter of law. *See Dawson, Paltan, Bookman, supra.* Thus, even though Mr. Culbertson was counsel at the administrative level, an award of $13,348.74 under Section 406(b) and retention of the EAJA fee constitutes all compensation available to him in this matter, from all sources.

Petitioner contends that the amount of the fee requested is reasonable under §406(b) and *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S.Ct. 1817, 70 U.S.L.W. 4477 (2002). As the undersigned noted in *Whalen v. Commissioner of Social Security*, the "best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations." Case No. 6:10-cv-865-Orl-22DAB, 2012 WL 2798486, *2 (M.D. Fla. 2012) (citing *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir.1990)). However, "[a] fee pursuant to a contingency contract is not *per se* reasonable." *McGuire v. Sullivan*, 873 F.2d 974, 979 (7th Cir.1989). The contingency fee negotiated by the claimant and his counsel is not reasonable if the agreement calls for fees greater than the twenty-five percent (25%) statutory limit, the agreement involved fraud or "overreaching" in its making, the resolution of the case was unreasonably delayed by the acts of the claimant's attorney, or would

provide a fee "so large as to be windfall to the attorney." *Wells*, 907 F.2d at 372; *McGuire*, 873 F.2d at 981; *Rodriguez v. Bowen*, 865 F.2d 739, 746 (6th Cir.1989). "[B]ecause section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied." *Gisbrecht,* 122 S.Ct. at 1828 n. 17. To the extent the fee agreement here appears to contemplate that counsel may recover a full 25% of the past due benefits under 406(b) and *additional* fees for representation before the agency, the agreement runs afoul of the established law regarding the statutory cap, and is therefore not reasonable. To the extent the fee agreement is interpreted to allow for a *total* award at or below the cap, however, the Court finds it to be otherwise reasonable under the principles of *Gisbrecht*. [2]

It is therefore respectfully **RECOMMENDED** that the Motion for § 406(b) award of fees be **GRANTED** to the extent counsel is authorized to charge his client $13,438.7, consistent with the fee agreement, **provided that counsel** be barred from any further request for fees in this matter, pursuant to § 406(a) or otherwise, and counsel for both parties be directed to advise the agency of this preclusion as part of the Court's award.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 4, 2014.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy

---

[2] According to the papers, counsel spent at least 25.9 hours in federal court effort (Doc. 24). While the award amounts to a handsome hourly rate, the fee is not a windfall and is consistent with that agreed to by Plaintiff and uncontested by the Commissioner.