# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ALEXANDER CARBONELL,

          **Plaintiff,**

v.                                                        Case No:   6:11-cv-400-Orl-22DAB

COMMISSIONER OF SOCIAL
SECURITY,

          **Defendant.**

## ORDER

This cause comes before the Court on Plaintiff Alexander Carbonell's ("Plaintiff") Objection (Doc. No. 31) to the Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 30) on Plaintiff's Unopposed Motion for Attorney Fees (Doc. No. 28). Because binding Eleventh Circuit precedent forecloses Plaintiff's argument, the Court will overrule the Objection and adopt the R&R.

District courts review *de novo* any portion of a magistrate judge's disposition of a dispositive motion to which a party has properly objected. Fed. R. Civ. P. 72(b)(3); *Ekokotu v. Fed. Express Corp.*, 408 F. App'x 331, 336 n.3 (11th Cir. 2011) (per curiam).[1] The district judge may reject, modify, or accept in whole or in part the magistrate judge's recommended disposition, among other options. Fed. R. Civ. P. 72(b)(3). *De novo* review of a magistrate judge's findings of fact must be "independent and based upon the record before the court." *LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988). The district court "need only satisfy itself that there is no clear error on the face of the record" in order to affirm a portion of the Magistrate Judge's

---

[1] Unpublished Eleventh Circuit cases are persuasive, but not binding.

recommendation to which there is no timely objection. Fed. R. Civ. P. 72 advisory committee's note (1983) (citations omitted).

Attorneys representing successful claimants in Social Security appeals may obtain attorney's fees under three statutes. First, 42 U.S.C. § 406(a) permits the Commissioner of Social Security to award reasonable attorney's fees for successful work performed at the administrative level. Second, 42 U.S.C. § 406(b) permits district courts to award reasonable attorney's fees for successful work performed in federal court. Finally, the Equal Access to Justice Act ("EAJA") also permits courts to award reasonable attorney's fees for successful work performed in federal court, but only if the Commissioner's position was not "substantially justified" and there are no "special circumstances" that would make such an award unjust. 28 U.S.C. 2412(d)(1)(A). Fees obtained under the first two statutes are drawn from the past-due benefits awarded to the claimant, but EAJA fees are "paid from agency funds." *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010). The EAJA also includes a Savings Provision that prevents an attorney from obtaining a "double recovery" under the EAJA and § 406(b) for the same work; if an attorney receives funds under both statutes, he must refund the smaller amount to his client. *Id.* at 1271-73.

No matter what statute or combination of statutes an attorney uses to obtain fees after a successful Social Security appeal, binding Eleventh Circuit precedent caps the aggregate amount of attorney's fees at 25 percent of the past-due benefits awarded to the claimant. *Dawson v. Finch*, 425 F.2d 1192, 1195 (5th Cir. 1970).[2] Culbertson should be familiar with this precedent. *See Paltan v. Comm'r of Soc. Sec.*, 518 F. App'x 673, 674-75 (11th Cir. 2013) (per curiam) (citing

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

*Dawson* in denying Culbertson's appeal and affirming an order of this Court that limited "the total amount of attorney's fees recoverable under 42 U.S.C. § 406(a), § 406(b), and the Equal Access to Justice Act (EAJA)" to 25% of the claimant's past-due benefits). It is true that various federal circuit courts have split over whether district courts can apply the 25 percent cap found in § 406(b) to the aggregate award of attorney's fees or only to the award for representation before the district court.[3] But, mindful of its place in the hierarchy of the federal judiciary, this Court must follow the path taken by the Eleventh Circuit.

In this case, Plaintiff obtained past-due Social Security Disability benefits in the amount of $72,562 after this Court reversed the original decision of the Social Security Commissioner and remanded this case for further administrative proceedings. Pursuant to a fee agreement, Plaintiff's attorney, Richard Culbertson, moved for attorney's fees in the amount of $13,438.74 from the Court. This amount represents the difference between 25% of the past-due benefits ($18,115.50) and the amount of fees already awarded to Culbertson under the EAJA ($4,676.76). Magistrate Judge Baker recommended granting that amount, provided that Culbertson not make any request for fees in this matter for work performed at the administrative level under § 406(a). Culbertson objects to the latter part of the recommendation, but it is clear that his objection is of no merit under binding Eleventh Circuit precedent because he has already been awarded 25% of Plaintiff's past-due benefits through his combined § 406(b) and EAJA awards.

Based on the foregoing, it is ordered as follows:

---

[3] *Compare Morris v. Soc. Sec. Admin.*, 689 F.2d 495, 497-98 (4th Cir. 1982) (per curiam) (cap applies to aggregate award), *and Dawson v. Finch*, 425 F.2d 1192, 1195 (5th Cir. 1970) (same), *with Clark v. Astrue*, 529 F.3d 1211, 1215 (9th Cir. 2008) (cap applies only to fees awarded for work before the district court), *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 936 (10th Cir. 2008) (same), *and Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994) (en banc) (same).

1.      Plaintiff Alexander Carbonell's ("Plaintiff") Objection (Doc. No. 31), filed December 10, 2014, is **OVERRULED**.

2.      The Magistrate Judge's Report and Recommendation (Doc. No. 30), issued December 4, 2014, is **ADOPTED and CONFIRMED** and made a part of this Order.

3.      Plaintiff's Unopposed Motion for Attorney Fees (Doc. No. 28), filed November 21, 2014, is **GRANTED in part** to the extent provided in the Report and Recommendation.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on February 13, 2015.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties